**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JULITZA MARTÍNEZ ARZUAGA | |
| Plaintiff | CIVIL NO. 26-1178 |
| v. | |
| RENT EXPRESS BY BERRIOS, INC. | PETITION FOR ORDER |
| Defendant | |

**NOTICE OF REMOVAL**

**TO THE HONORABLE COURT**:

**COMES NOW** the defendant, RENT EXPRESS BY BERRÍOS, INC. (hereinafter referred to as "Rent Express" or "Defendant"), through the undersigned counsel, and respectfully alleges and prays:

1. Rent Express is a company organized under the laws of Puerto Rico, under registry No. 164118, and authorized to conduct business in Puerto Rico.

2. On September 23, 2025, Julitza Martínez Arzuaga (hereinafter referred to as "Martínez" or "Plaintiff") filed *Complaint* number BY2025CV04964 ("Complaint") with the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Bayamón, which was later transferred to Superior Court of Cidra, ("Local Court") against Rent Express requesting injunctive relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101, et seq. A true and exact copy of Plaintiff's Complaint is attached hereto as **Exhibit 1**.

3. On February 24, 2026, Plaintiff notified Defendant of the *Complaint* and requested that it waive service of summons. Accordingly, on February 25, 2026, Defendant signed and returned the waiver of summons. A true and exact copy of the executed waiver is attached as

**Exhibit 2**.

4.      Pursuant to 28 U.S.C.A. § 1441(a), "[a]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a).

5.      Under 28 U.S.C. § 1331, Federal district courts are conferred federal question subject-matter jurisdiction over all cases arising under the Constitution or laws of the United States. 28 U.S.C. § 1331. *See also*, Toddle Inn Franchising, LLC v. KPJ Assocs., LLC, 8 F.4th 56, 60 (1st Cir. 2021). Therefore, "[a] civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003).

6.      To determine whether federal question subject-matter jurisdiction exists, Federal district courts must assess the complaints' well-pleaded allegations. Id. This is, "[f]or a suit to be one that arises under the laws of the United States, so as to confer original or removal jurisdiction on the federal courts, it must appear on the face of the complaint that resolution of the case depends upon a federal question." Brough v. United Steelworkers of Am., AFL-CIO, 437 F.2d 748, 749 (1st Cir. 1971). This is, absent diversity of citizenship, for a case to be cognizable in a Federal trial court, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action and the controversy must be disclosed upon the face of the complaint" without aid from the removal. Pan Am. Petroleum Corp. v. Superior Ct. of Del. In & For New Castle Cnty., 366 U.S. 656, 663 (1961) (internal quotations omitted).

7.      When Federal district courts have subject-matter jurisdiction over cases originally

filed before a state court, a defendant must file the notice of removal within thirty (30) days after receipt, through service or otherwise, of the initial pleading or summons. 28 U.S.C.A. § 1446. In this case, Plaintiff filed her *Complaint* with the local state court on September 23, 2025, and, after receiving Plaintiff's request to waive summons on February 24, 2026, Defendant signed and returned the waiver of summons on February 25, 2026. **Exhibits 1 and 2**.

8.      The Complaint in this case involves claims strictly under the *Americans with Disabilities Act* ("ADA"), 42 U.S.C. 12131 *et Seq*., a Federal statute.

9.      This Notice of Removal is timely filed and, as such, should be granted.

**WHEREFORE**, Rent Express respectfully gives notice of the removal of this action, so the proceedings may continue in this Court.

**RESPECTFULLY SUBMITTED.**

**IT IS HEREBY CERTIFIED,** that a true and exact copy of the instant Notice of Removal, along with its Exhibits, was notified on this same date to Local Court's legal counsel of record via email at: vlg@velezlawgroup.  Moreover, on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

In San Juan, Puerto Rico, this 25th of March, 2026.

s/Enrique R. Padró Rodríguez
Enrique R. Padró Rodríguez
USDC-PR No. 219602

s/Maria T. Aguilar Pérez
Maria T. Aguilar Pérez
USDC-PR No. 300808

**SILVA-COFRESÍ, MANZANO & PADRÓ, LLC**
P.O. Box 364187

San Juan, PR  00936-4187
Tel. (787) 945-0380
Fax. (787) 945-0399
Email: epadro@scmplex.com
         maguilar@scmplex.com