Case 3:26-cv-01178-PAD    Document 1-3    Filed 03/25/26    Page 1 of 16
BY2025CV04964 23/09/2025 12:21 pm Entry No. 1 Page 1 of 16
[CERTIFIED TRANSLATION JSP P. 1-16]

**EXHIBIT 1**

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**BAYAMÓN SUPERIOR DIVISION**

| | |
|---|---|
| **JULITZA MARTÍNEZ ARZUAGA**<br><br>Plaintiff<br><br>v.<br><br>**RENT EXPRESS BY BERRIOS INC.**<br><br>Defendant | **RE:**<br>**PETITION FOR ORDER** |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW,** Plaintiff Julitza Martínez Arzuaga respectfully requests a Permanent Injunction,[1] against Rent Express By Berrios Inc. pursuant to the provisions of Title III of the Americans with Disabilities Act.

### I. INTRODUCTION

1. This action seeks to vindicate the fundamental right of Julitza Martínez Arzuaga, as well as all people with visual disabilities, to enjoy full and equal access to places of public accommodation, which includes the right to navigate, compare and evaluate goods and services independently. This right is not limited to the mere possibility of purchasing items with the help of third parties, but advocates for the full autonomy of Julitza Martínez Arzuaga in interacting with the services and products offered.

2. Julitza Martínez Arzuaga is a legally blind person. Like thousands of Puerto Ricans with visual impairments, she relies on screen-reading technology to navigate websites independently and participate on an equal footing in business activities relating to the purchase of furniture, appliances, and household items.

3. This case represents more than an individual complaint – it embodies the principle that Rent Express by Berrios, owned by Rent Express By Berrios Inc., should be accessible to all residents and visitors, including people with disabilities. Its website's lack of

---

[1] A preliminary injunction is not being requested. A permanent injunction is being requested; therefore, the case must continue through the ordinary process.

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

accessibility reflects a clear violation of this principle by preventing people with disabilities, such as Julitza Martínez Arzuaga, from enjoying the same rights and services as other people.

## II. PARTIES

4. Plaintiff's name is: Julitza Martínez Arzuaga. Her mailing address is: Res. Lorenzana, Apt. 4, San Lorenzo, PR 00754-0000. Her physical address is: Res. Lorenzana, Apt. 4, San Lorenzo, PR 00754-0000. Her phone number is: +1 (939) 401-4876.

5. Rent Express By Berrios Inc. owns and operates the commercial website https://rentexpress.pr/, which is a place of public accommodation.

6. Defendant, Rent Express By Berrios Inc., is a corporation organized under the laws of Puerto Rico that operates a chain of furniture, appliance and household goods stores throughout Puerto Rico, with locations in Ponce, Mayagüez, Aguadilla, Hatillo, Manatí, Vega Baja, Dorado, Bayamón, Barranquitas, Cidra, Caguas, San Juan, Carolina, Canóvanas, Fajardo and Humacao.

7. Rent Express By Berrios Inc. is the owner, operator, maintainer and controller of the commercial website located at https://rentexpress.pr/, which serves as the main digital platform for the Rent Express by Berrios chain of stores. This website allows users to browse available products, including items for the living room, bedroom, dining room, mattresses, appliances and electronics, to locate stores, to check inventory and availability, and to make online purchases for delivery or in-store pickup.

## III. ALLEGATIONS OF FACT

**A.    Medical Conditions of Ms. Julitza Martínez Arzuaga**

8. Ms. Julitza Martínez lives with a severe and permanent visual impairment that profoundly limits her ability to perform daily tasks independently. As a result of a medical condition known as intracranial hypertension, Ms. Martínez has completely lost vision in her right eye and retains only residual and extremely limited vision in her left eye. Her remaining vision is functionally dependent on the lighting conditions, and only allows her to perceive certain colors, in particular the color red, and only under intense light. In environments with little

2

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

[CERTIFIED TRANSLATION JSP P. 1-16]

lighting, she experiences almost total vision loss. Her condition has been medically assessed as irreversible and significantly affects her daily functioning.

9. This visual impairment impacts almost every aspect of her daily life. Tasks that most people perform without difficulty, such as identifying product labels, checking mail, navigating public spaces, preparing food, recognizing faces, or using electronic devices, require Ms. Martínez to rely on assistive technology or the help of others. This level of dependence creates vulnerability, reduced autonomy, and even social isolation. To maintain a degree of independence, Ms. Martínez has developed extensive skill in using assistive technology, particularly within the Apple ecosystem, which includes built-in accessibility features for people with low vision or blindness.

10. In the digital realm, Ms. Martínez relies entirely on VoiceOver, a screen reader built into iOS devices. This software converts on-screen text and content into synthetic speech, allowing her to access vital information, communicate, manage her finances, participate in educational activities, and make essential online purchases and transactions. Digital access is not a convenience for Ms. Martínez: it is a critical necessity that allows her to live with dignity and independence in the modern world.

11. However, her ability to interact with websites directly depends on them being designed with basic accessibility features. Elements such as properly structured headings, descriptive links, alternative text on images, appropriately labeled form fields, keyboard navigability, and sufficient contrast are essential for VoiceOver to effectively interpret and communicate content. When these features are absent or poorly implemented, VoiceOver cannot function properly, preventing Ms. Martínez from understanding the content, navigating the site, or completing online transactions.

12. In practical terms, this means that Ms. Martínez is frequently unable to perform essential tasks such as completing medical forms, registering for events, purchasing basic goods, paying bills, reading terms and conditions, or exercising her rights through digital platforms. These barriers place her at a distinct disadvantage compared to people without disabilities, denying her effective access

3

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

to critical resources and reinforcing a pattern of digital exclusion. The lack of web accessibility is not merely a technical omission, but a direct obstacle that interferes with her ability to live independently and fully participate in society.

13. For Ms. Martínez, the digital world is a fundamental extension of her personal freedom. Any obstacle that interferes with the functioning of her screen reader has a disproportionately negative impact on her life, affecting her independence, undermining her dignity, and limiting her ability to make informed decisions. In this context, digital accessibility is not a luxury or a preference, but a vital necessity that determines her inclusion or exclusion from modern civic life.

14. Ms. Julitza Martínez is legally blind, as defined by 42 U.S.C. § 12102, due to a severe, irreversible, bilateral visual impairment caused by intracranial hypertension. She has no light perception in her right eye and only residual vision in her left eye, with a visual acuity of approximately 20/200. As a result, she relies exclusively on the VoiceOver screen reader on iOS devices to access websites and digital content.

15. VoiceOver, the screen reader used by Ms. Martínez, converts on-screen text into synthetic speech and allows her to navigate websites, conduct research, and make online purchases. VoiceOver only works adequately when sites are designed with appropriate accessibility features, such as alternative text for images, logical heading structures, keyboard-accessible navigation, and properly labeled form fields. When these features are absent, screen readers cannot convey meaningful information to blind users.

**B. Regarding Defendant's Website**

16. Rent Express By Berrios Inc. operates the business known as Rent Express by Berrios and maintains the commercial website located at https://rentexpress.pr/, which offers goods and services related to the sale of furniture, appliances, mattresses, household goods, and electronic items. This website is directly linked to the commercial operations of Rent Express by Berrios. The corporation maintains its designated office and conducts its operations from the following address: Carr. 172, Km 49.7 Bo.

4

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Bayamón, Cidra, PR 00739-0000, thus establishing its presence and commercial activity in the municipality of Cidra.

16.1. Defendant, Rent Express By Berrios Inc., is the owner of the website for the business known as Rent Express by Berrios.

16.2. Defendant, Rent Express By Berrios Inc., is the operator of the website for the business known as Rent Express by Berrios.

16.3. Defendant, Rent Express By Berrios Inc., is the controller of the website for the business known as Rent Express by Berrios.

17. The Rent Express By Berrios Inc. website serves as a key means for customers to browse products, compare items, check available store inventory, and make online purchases for delivery or pickup at its multiple locations throughout Puerto Rico.

### C. Discrimination on the Rent Express by Berrios Website Against Julitza Martínez Arzuaga Due to Her Disability

18. On September 8, 2025, while preparing to evaluate furniture and appliance options for her home, Plaintiff visited Defendant's website to research the availability of living room, dining room, and bedroom products, compare prices on mattresses and appliances, and explore the product options offered by Rent Express by Berrios. Her objective was to obtain detailed information regarding available inventory, prices, and product features before considering making purchases or visiting physical stores.

19. Ms. Juliza Martínez chose to visit the Rent Express by Berrios website specifically because she knew the company has multiple locations throughout Puerto Rico, including stores in Ponce, Mayagüez, Aguadilla, Hatillo, Manatí, Vega Baja, Dorado, Bayamón, Barranquitas, Cidra, Caguas, San Juan, Carolina, Canóvanas, Fajardo, and Humacao, and offers a wide variety of furniture, appliances, and electronics at competitive prices. Her particular interest in this chain stems from the fact that Rent Express by Berrios offers a "Rent with Option to Own" program that requires no down payment and allows flexible payments until the merchandise is owned. It also offers free delivery and 34 locations throughout Puerto Rico for added convenience. This combination of affordable financing options, free delivery, and broad geographic coverage motivated her to compare its prices and services

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

with other less convenient alternatives on the market. As a resident of the municipality of San Lorenzo, where there is no physical Rent Express by Berrios store, she relied particularly on the website to evaluate available products, research her credit-free rental options, and plan a possible visit to one of the nearest stores, such as those located in Cidra or Caguas, before considering other options that required immediate full payments or more restrictive credit processes.

20. Ms. Martínez intended to use Defendant's website to conduct extensive research on products, including living and dining room furniture, mattresses, household goods, and appliances, with the goal of comparing options, checking availability, obtaining pricing information, and evaluating product features before making informed purchasing decisions. Her plan was to use the information obtained from the website to create a list of products of interest and coordinate efficient visits to the most convenient physical stores based on her geographic location. Despite the accessibility barriers encountered during her September 8, 2025 visit, Ms. Martínez maintains her intention to return to the website in approximately 2 months, hoping that these barriers have been corrected and she can complete her product research independently.

21. Ms. Martínez believed that the Rent Express by Berrios website would be a valuable tool in her shopping process, as it would allow her to browse the different product categories available, including living room, bedroom, and dining room items, mattresses, appliances, and electronics, independently and from the comfort of her home. This prior research was especially important to her as a person with a visual impairment, as it would allow her to familiarize herself with the products and their features before physically visiting the stores, thus optimizing her shopping experience.

22. Despite spending 45 minutes on September 8, 2025 attempting to navigate the website, multiple accessibility barriers left Ms. Martínez frustrated, disoriented, and excluded from accessing commercial information and services that customers without visual impairments can easily access. Ms. Julitza Martínez personally observed

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

and interacted with the following barriers on the Rent Express by Berrios website:

22.1. Incorrect pronunciation of English content: When Ms. Julitza Martínez visited the website https://rentexpress.pr/ on September 8, 2025, she personally identified that the VoiceOver screen reader was pronouncing the website content in English instead of Spanish, significantly hindering her understanding of the material presented. This barrier consists of the website not having the language attribute (lang) correctly set to Spanish, causing screen readers to interpret and pronounce the text with English pronunciation and intonation. As a result of her severe visual impairment and complete reliance on the VoiceOver screen reader to access digital content, this incorrect pronunciation prevented her from clearly understanding product, pricing, and service information, creating an additional language barrier that complicated her ability to effectively navigate and interpret the website content.

22.2. Persistent Live Chat Pop-Up: When Ms. Julitza Martínez visited the website https://rentexpress.pr/, she personally identified the presence of a live chat pop-up that appeared approximately every three minutes, constantly interrupting her browsing. This barrier consists of an automatic dialog box that repeatedly presents itself to offer assistance from a representative, and which continues to appear even after the user attempts to close it by pressing the "X", obstructing access to the main content of the page. Due to her severe visual impairment and her reliance on the VoiceOver screen reader to navigate sequentially through the content, these constant interruptions broke her browsing flow, disoriented her by repeatedly shifting her focus, and prevented her from maintaining a continuous and coherent browsing experience, causing frustration and significantly hindering her ability to explore the available products.

22.3. Links without descriptive text in product categories: When Ms. Julitza Martínez visited the website https://rentexpress.pr/, she personally identified the

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

[CERTIFIED TRANSLATION JSP P. 1-16]

the existence of links in the product categories located below the main image that lacked appropriate descriptive text. This barrier consisted of VoiceOver only announcing "link" without providing information about the destination or purpose of the link, even though it was visually evident that they corresponded to categories such as "living room," "dining room," and other product sections. As a legally blind person who relies exclusively on the VoiceOver screen reader to navigate websites, the absence of descriptive alt text in these links prevented her from understanding which section they would direct her to, forcing her to blindly click on links without knowing whether she would access products for living room, dining room, bedroom, or other categories, which compromised her ability to navigate the product catalog in an informed and independent manner.

22.4. Deficient Navigation Menu Functionality: When Ms. Julitza Martínez visited the website https://rentexpress.pr/, she personally identified that when activating the menu section using VoiceOver, the functionality did not respond correctly and only announced "shopper" along with additional content that she could not understand due to the English pronunciation. This barrier consists of the main navigation menu not being properly labeled or structured to be accessible using screen readers, resulting in confusing and incomprehensible advertisements that did not provide useful information about the available navigation options. Due to her severe visual impairment and her complete dependence on the VoiceOver screen reader to access digital content, this failure in the navigation system prevented her from accessing the main sections of the website, severely limiting her ability to explore the different categories of products and services available, and denying her the ability to navigate the site efficiently and independently.

22.5. Limited display of products in categories: When Ms. Julitza Martínez visited the website https://rentexpress.pr/, she personally identified that when accessing the living room category, the system indicated that there were 175 products available, but only one living room set was displayed, and the navigation controls did not allow access to additional products. This barrier consists of a failure in the paging or scrolling functionality that

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

[CERTIFIED TRANSLATION JSP P. 1-16]

prevents users from browsing the full product inventory within each category, limiting the display to a single item even though the system recognizes the existence of multiple products. As a legally blind person who relies on the VoiceOver screen reader and occasionally uses her limited residual vision to supplement auditory information, this product display restriction denied her access to the full available inventory, preventing her from comparing options, evaluating different products, and making informed purchasing decisions, resulting in a significantly limited and inequitable shopping experience compared to users without visual impairments.

23. To address all accessibility barriers encountered by Ms. Julitza Martínez on https://rentexpress.pr/, developers should implement the correct language attribute (lang="es") on all website pages to ensure that screen readers pronounce the Spanish content appropriately and understandably. Likewise, the persistent live chat pop-up window should be reconfigured or removed, implementing controls that respect the user's decision to close the window and without repeatedly interrupting the navigation flow, or alternatively, provide a permanent option to disable these automatic notifications. Furthermore, all product category links should include descriptive and clear alt text using aria-label attributes or visible text that specifically indicates the link's destination, such as "Living Room Category," "Dining Room Category," or "Bedroom Category," allowing screen reader users to understand the purpose of each link before activating it. Likewise, the main navigation menu must be completely restructured with appropriate semantic labels, descriptive text in Spanish, and a logical hierarchy that allows VoiceOver to clearly announce the available options instead of confusing terms like "shopper" without proper context. Finally, the product display functionality must be improved by implementing accessible paging controls and keyboard navigation that allow all users, including those using screen readers, to access the full product inventory in each category, ensuring that the 175 products listed in the living room category are effectively navigable and accessible. These combined modifications are

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

BY2025CV04964 23/09/2025 12:21 pm Entry No. 1 Page 10 of 16

[CERTIFIED TRANSLATION JSP P. 1-16]

essential to ensuring equitable access, effective usability, and navigation autonomy for blind or visually impaired users on the Rent Express by Berrios website.

24. Despite having spent approximately 45 minutes attempting to navigate the website, Ms. Julitza Martínez was unable to adequately access product information, effectively explore available categories, or complete basic furniture and appliance inventory research—tasks that sighted users can complete in a matter of minutes.

25. In contrast, sighted customers typically use Defendant's website to research furniture, appliances, and household goods online before visiting physical locations in Ponce, Mayagüez, Aguadilla, Hatillo, Manatí, Vega Baja, Dorado, Bayamón, Barranquitas, Cidra, Caguas, San Juan, Carolina, Canóvanas, Fajardo, and Humacao, allowing them to have efficient and well-planned shopping experiences. Plaintiff is denied this preparatory research ability, placing her at a significant disadvantage compared to customers who do not have disabilities.

26. Ms. Julitza Martínez will be affected in the future by the barriers that exist on https://rentexpress.pr/ because:

    26.1. She intends to revisit the website in approximately 2 months to research the availability of furniture and appliance products again, hoping that the accessibility barriers have been corrected and she can complete her product research independently.

    26.2. As a resident of San Lorenzo who requires ongoing access to information about furniture and household items, she will need to use the website to plan future purchases and evaluate the options available at the multiple Rent Express by Berrios stores located throughout Puerto Rico, especially the nearby stores in Cidra and Caguas.

    26.3. Her reliance on the website to research prices, compare products, and plan visits to physical stores makes future encounters with the accessibility barriers at https://rentexpress.pr/ virtually

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

inevitable, as she will continue to need access to information about living room, dining room, and bedroom furniture, mattresses, appliances, and electronics to meet her ongoing household needs.

27. These barriers have had a direct impact on Plaintiff's ability to use the Rent Express by Berrios website and access the services offered. The accessibility violations prevented Ms. Julitza Martínez from completing core business activities essential to modern consumer engagement, including independently researching products, comparing prices to make informed purchasing decisions, evaluating rent-to-own options, and accessing information about the 34 available locations and free delivery services. As a result, Ms. Martínez has experienced not only a lack of access, but also significant emotional and psychological harm due to exclusion, including feelings of frustration, disorientation, and digital discrimination, which undermined her sense of independence and autonomy, constituting a violation of her rights under Title III of the ADA.

28. Despite Plaintiff's efforts to access the website, she has been discouraged from continuing due to the lack of accessibility and Defendant's failure to implement modifications that would remove these barriers. The 45 minutes she spent on September 8, 2025 attempting to navigate the website resulted in a frustrating and exhausting experience that left her feeling excluded and discriminated against. The systemic and pervasive nature of accessibility barriers, including incorrect English pronunciation, persistent pop-ups, links without descriptive text, poor menu functionality, and limited product display, created a hostile digital environment that undermined her confidence in being able to effectively utilize the site's commercial services. Julitza Martínez intends to return to the website in the future to access essential services, including product research and evaluating rent-to-own options, but only if the accessibility barriers currently preventing full and equal access are removed.

**D. Violations of Title III of the Americans with Disabilities Act (ADA) by Rent Express By Berrios Inc.**

29. Rent Express By Berrios Inc. is the owner, operator, and controller of the website https://rentexpress.pr/, which, within the meaning of 42 U.S.C. § 12181(7), constitutes

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

[CERTIFIED TRANSLATION JSP P. 1-16]

a place of public accommodation, as it offers goods and services to the general public. Importantly, the protection afforded by the ADA is not limited solely to physical structures but also extends to services provided by places of public accommodation, regardless of the location from which those services are accessed. In this regard, the First Circuit, in its decision *in Carparts Distrib. Ctr. v. Automotive Wholesaler's Ass'n* 37 F.3d 12, 19 (1st Cir. 1994), held that places of public accommodation are not restricted exclusively to physical structures, but can include services provided through non-physical means, such as websites.

30. Julitza Martínez Arzuaga falls within the category of a person with a disability as defined by the ADA, as she has a physical condition that substantially limits one or more major daily living activities. Accordingly, Rent Express By Berrios Inc. has violated and continues to violate 42 U.S.C. § 12182(a) by denying Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations available through its website https://rentexpress.pr/.

31. Specifically, Rent Express By Berrios Inc. has violated 42 U.S.C. § 12182(b)(1)(A)(i) by denying individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, and accommodations offered by the entity. It has also violated 42 U.S.C. § 12182(b)(1)(A)(ii) by offering opportunities for participation or benefit that are not equivalent to those offered to other persons. Similarly, Rent Express By Berrios Inc. has failed to comply with 42 U.S.C. § 12182(b)(2)(A)(ii) by failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to offer its goods or services to individuals with disabilities. In addition, it has violated 42 U.S.C. § 12182(b)(2)(A)(iii) by failing to take reasonable steps to ensure that no individual with a disability is excluded, denied the service, segregated, or treated differently due to the absence of auxiliary aids or services.

32. The accessibility modifications necessary to bring the website https://rentexpress.pr/ into ADA compliance would not fundamentally alter the nature of Rent Express by Berrios's business, nor would they pose an undue burden, as such modifications are readily achievable through the use of existing technology and established standards of

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

web accessibility. Rent Express By Berrios Inc.'s conduct is ongoing and is causing irreparable harm to Julitza Martínez Arzuaga, who is being deprived of equal access to the store's goods and services on a daily basis. Unless this Honorable Court issues an order, Rent Express By Berrios Inc. will continue to violate the ADA by maintaining an inaccessible website at https://rentexpress.pr/, thereby excluding individuals with visual impairments from full and equal access to the goods, services, and accommodations it offers.

**E.    Violation of Success Criterion 3.1.1 Language of Page (Level A)**

33.    The website https://rentexpress.pr/ exhibits a systematic violation of Success Criterion 3.1.1 Language of Page (Level A) of the Web Content Accessibility Guidelines, which states that "the default primary language of each web page can be determined programmatically." This fundamental guideline requires that the language attribute (lang) be correctly configured to allow assistive technologies to interpret and pronounce the content in the appropriate language.

34.    When Ms. Julitza Martínez visited the website on September 8, 2025, she directly experienced how the VoiceOver screen reader pronounced the website content in English instead of Spanish, because the website did not have the language attribute (lang) correctly set to Spanish. This fundamental flaw in the accessibility code caused screen readers to interpret and pronounce the text with English pronunciation and intonation.

35.    As a result of this violation, Ms. Martínez was unable to clearly understand the information about products, pricing, and services, creating an additional language barrier that complicated her ability to navigate and interpret the website content effectively.

**F.    Violation of Success Criterion 3.2.2 On Input (Level A)**

36.    The website flagrantly violates Success Criterion 3.2.2 On Input (Level A), which states that "changing the settings of any user interface component does not automatically cause a context switch unless the user has been warned of the behavior before using the component."

37.    The persistent live chat pop-up window that appears approximately every three minutes, constantly interrupting Ms. Martínez's browsing, constitutes an unsolicited automatic context switch. This pop-up window

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

BY2025CV04964 23/09/2025 12:21 pm Entry No. 1 Page 14 of 16

[CERTIFIED TRANSLATION JSP P. 1-16]

continues to appear even after the user attempts to close it by pressing the "X," violating the principle of user control over their browsing experience.

38.   Due to her severe visual impairment and her reliance on the VoiceOver screen reader to navigate sequentially through the content, these constant interruptions broke her browsing flow, disoriented her by repeatedly shifting her focus, and prevented her from maintaining a continuous and coherent browsing experience.

### G.   Violation of Success Criterion 4.1.2 Name, Role, Value (Level A)

39.   The website exhibits multiple violations of Success Criterion 4.1.2 Name, Role, Value (Level A), which requires that "for all user interface components, the name and role can be programmatically determined; states, properties, and values that can be set by the user can be set programmatically."

40.   The links in the product categories located below the main image lack appropriate descriptive text, violating this criterion by causing VoiceOver to announce only "link" without providing information about the destination or purpose of the link. Although visually apparent, they corresponded to categories such as "living room," "dining room," and other product sections, the absence of descriptive alt text prevented Ms. Martínez from understanding which section she would be directed to.

41.   Similarly, the main navigation menu exhibits a systematic failure to implement programmatically determinable names and roles. When activating the menu section using VoiceOver, the functionality did not respond correctly and only announced "shopper" along with additional content that was incomprehensible due to the English pronunciation, preventing access to the main sections of the website.

### H.   Violation of Success Criterion 2.4.4 Link Purpose (In Context) (Level A)

42.   The website violates Success Criterion 2.4.4 Link Purpose (In Context) (Level A), which states that "the purpose of each link can be determined from the link text alone or from the link text in conjunction with its programmatically determined link context."

43.   Product category links completely lack descriptive text that would allow screen reader users to understand their purpose before activating them. This violation forced Ms. Martínez to blindly activate links without knowing if she would access

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

[CERTIFIED TRANSLATION JSP P. 1-16]

products for living room, dining room, bedroom, or other categories, compromising her ability to navigate the product catalog in an informed and independent manner.

## I. Violation of Success Criterion 2.1.1 Keyboard (Level A)

44. The website violates Success Criterion 2.1.1 Keyboard (Level A), which requires that "all content functionalities be operable through a keyboard interface." This violation is manifested in the deficient functionality of displaying products in categories.

45. When Ms. Martínez accessed the living room category, the system indicated that 175 products were available, but only one living room set was visible, and the navigation controls did not allow access to additional products. This failure in the pagination or scrolling functionality prevented her from browsing the full product inventory, severely limiting her ability to explore the different available options and make informed purchasing decisions.

46. These systematic violations of the WCAG 2.1 standards show a pattern of negligence in the implementation of basic accessibility features, resulting in the effective exclusion of Ms. Julitza Martínez from full and equal access to the goods and services offered by Rent Express by Berrios through its digital platform.

## IV. REMEDIES REQUESTED

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant and grant the following remedies:

1. Declare that the accessibility practices of Rent Express By Berrios Inc.'s website constitute a violation of Title III of the ADA, and enjoin Rent Express By Berrios Inc. from continuing to operate an inaccessible website. Additionally, order Defendant to implement comprehensive accessibility measures to ensure full ADA compliance at Rent Express by Berrios, including but not limited to:

   a. Implementing the correct language attribute (lang="es") on all website pages to ensure that screen readers pronounce Spanish content appropriately and understandably for Spanish-speaking users.

   b. Reconfigure or remove the persistent live chat pop-up window, implementing controls that respect the user's decision to close the window and stop

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

[CERTIFIED TRANSLATION JSP P. 1-16]

repeatedly interrupting the scrolling flow, or alternatively, provides a permanent option to disable these push notifications.

c. Ensure all product category links include clear, descriptive alt text using aria-label attributes or visible text that specifically indicates the link destination, such as "Living Room Category," "Dining Room Category," or "Bedroom Category," allowing screen reader users to understand the purpose of each link before activating it.

d. Completely restructure the main navigation menu with appropriate semantic labels, descriptive text in Spanish, and a logical hierarchy that allows VoiceOver to clearly announce the available options instead of confusing terms without adequate context.

e. Correct product display functionality by implementing accessible pagination controls and keyboard navigation that allow all users, including those using screen readers, to access the full inventory of products in each category, ensuring that all listed products are effectively navigable and accessible.

2. Attorneys' fees and court costs as provided under Title III of the ADA, to cover legal expenses incurred during the litigation process.

3. Any other additional relief the Court deems just and appropriate, including the implementation of measures to ensure continued compliance with web accessibility standards under the ADA.

    **RESPECTFULLY SUBMITTED.**

    **Date:** September 23, 2025

        **VELEZ LAW GROUP LLC**
        Civil Rights Division

        s/*José Carlos Vélez Colón*
        José Carlos Vélez Colón
        RUA 18913

        1449 S Michigan Ave, Ste 13234
        Chicago, IL 60605

        E: vlg@velezlawgroup.com
        C: (787)-422-1881

        **PLAINTIFF'S ATTORNEY**

16

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.